FILED IN OPEN COURT

4/22/2021

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO. 3:20-cr-141-TJC-JRK

ROBERT ARTHUR GINDER

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, and the defendant, ROBERT ARTHUR GINDER, and the attorney for the defendant, Mark Rosenblum, Esq., mutually agree as follows:

**A.     Particularized Terms**

1.     Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the Indictment. Count Two charges the defendant with receipt of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1).

2.     Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of 5 years and not more than 20 years, a fine of up to $250,000, or both imprisonment and a fine, a term of supervised release of any term of years not less than 5, or life, and a special assessment of $100, said special assessment to be due on the

Defendant's Initials _____     AF Approval _____

date of sentencing.  In addition, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

Additionally, pursuant to 18 U.S.C. § 2259A, the Court shall impose a special assessment of up to $35,000 on any defendant convicted of an offense for trafficking in child pornography.

3.     Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Two are:

| First: | The Defendant knowingly received a visual depiction in interstate or foreign commerce by any means; |
| --- | --- |
| Second: | producing the visual depiction involved using a minor engaged in sexually explicit conduct; |

Defendant's Initials _____                    2

Third:      the depiction shows a minor engaged in sexually explicit conduct; and

Four:       the Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

4.  Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts One, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.  Restitution to Any Minor Victims of Offenses
    Committed by Defendant, Whether Charged or Uncharged

Pursuant to 18 U.S.C. §§ 3663(a)(3), 3663A(a) and (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, 18 U.S.C. § 2259, and 18 U.S.C. § 2327, defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement.  Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.  The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.  Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of

Defendant's Initials                     3

the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. Pursuant to 18 U.S.C. § 2259, if the Court orders restitution, the mandatory minimum amount must not be less than $3,000 per victim.

6.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

7.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the

Defendant's Initials _____            4

Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8. <u>Low End of the Guidelines</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____        5

9. <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States

Defendant's Initials [handwritten initials]                6

Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.    Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § B1.8(b).

11.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials                 7

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement,

Defendant's Initials _____    8

the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12.     <u>Forfeiture of Assets</u>

The U.S. Department of Homeland Security, U.S. Customs and Border Protection, completed an administrative forfeiture of the following:

a.  An Apple iPhone 11 (black case), SN F4GC33K9N72Y; and

b.  An HP Laptop (w/power cord), SN CND0020B90,

which it alleges were used during the commission of the offense charged in Count Two.

The defendant did not contest the administrative forfeiture of these assets and expressly waives any right he may have to challenge such forfeiture.

Defendant's Initials _____                    9

The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**     **Standard Terms and Conditions**

1.     Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

Defendant's Initials _____     10

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. §§ 3013 and 2259 as discussed more fully above. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.   Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _____     11

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition.   The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.   The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.   The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _____              12

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's

Defendant's Initials _____                    13

applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.      <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.      <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _____                    14

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____        16

13.  <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 12th day of April, 2021.

KARIN HOPPMANN
Acting United States Attorney


_____          _____
ROBERT ARTHUR GINDER              ASHLEY WASHINGTON
Defendant                         Assistant United States Attorney


_____          _____
MARK ROSENBLUM, ESQ.              KELLY S. KARASE
Attorney for Defendant            Assistant United States Attorney
                                  Deputy Chief, Jacksonville Division


Defendant's Initials _____          17

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.                       CASE NO. 3:20-cr-141-TJC-JRK

ROBERT ARTHUR GINDER

## PERSONALIZATION OF ELEMENTS

1.    On or about February 6, 2020, in Nassau County, in the Middle District of Florida, and elsewhere, did you knowingly receive a visual depiction by cellular telephone via the internet?

2.    Do you admit that the production of such visual depiction involved a minor engaging in sexually explicit conduct?

3.    Do you admit that this visual depiction was of a minor engaging in sexually explicit conduct?

4.    Do you admit that you knew that at least one of the performers in this visual depiction was a minor and that you knew that the visual depiction showed the minor engaged in sexually explicit conduct?

Defendant's Initials        18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:20-cr-141-TJC-JRK

ROBERT ARTHUR GINDER

FACTUAL BASIS

In September 2020, Homeland Security Investigations in Jacksonville, Florida

("HSI"), began investigating an investigative lead from an online messaging

application used over the Internet. Specifically, the lead reported that Special Agents

with the HSI office in San Diego, California, received a link with files containing child

pornography after assuming the online identity of an individual following the

execution of a residential search warrant in the Southern District of California in July

of 2019.  During the service of the warrant, the subject of the investigation consented

to allow HSI San Diego agents to assume his online identity to a secure, end-to-end

encrypted chat platform (Chat Application A).  Several large group chats within Chat

Application A were created by other parties and added the assumed account.  Various

image and video files depicting child pornography were routinely shared within these

group chats, along with cloud-storage web links containing files depicting child

pornography.  On July 12, 2020, the assumed account was added to a group chat on

Chat Application A containing many unidentified participants.

On July 14, 2020, within the newly added group chat the assumed account was

added to, a user distributed a web link invitation to a secure, end-to-end encrypted

Defendant's Initials _____                    19

cloud-storage platform (Cloud Platform A).  On July 15, 2020, HSI San Diego agents accessed the invitation link to Cloud Platform A.  Prior to joining the group chat in Cloud Platform A, agents recorded the contents of the group chat dating back to the creation of the group on May 20, 2020.  It was determined there were over 130 registered users within the group chat.  Many users were actively involved in the distribution of child exploitation materials dating back to May 20, 2020.

Encountered within the group chat of Cloud Platform A was a registered user with account username: "not you not me" and email address: hammer1209@yahoo.com, which was later identified as belonging to and used by the defendant, Robert Arthur Ginder.  This was based on records obtained relating to the Internet Protocol addresses linked to this user.  This account joined the above-described encrypted group chat on Cloud Platform A on or about June 4, 2020. At the time the account joined the group chat on Cloud Platform A, numerous image and video files depicting child pornography were shared between various members within the group.  Numerous images and videos containing child pornography were also distributed within the encrypted group chat on Cloud Platform A after the defendant's account actively joined the chat.

On October 16, 2020, HSI executed a federal search warrant at the defendant's residence.  Several electronic devices were located and seized for forensic analysis. The defendant was encountered at his residence and, after being advised and waiving his *Miranda* rights, agreed to speak with law enforcement in a recorded interview.  The defendant admitted to receiving a link to Cloud Platform A and joining the Cloud

Platform A group chat that contained numerous images and videos of child pornography. He also admitted to viewing several of the images and videos of child pornography within the group chat. In addition, the defendant admitted to sharing child pornography on Cloud Platform A.

During its investigation, HSI obtained the content from the defendant's two accounts on Chat Platform A. In one of the accounts, the defendant had five public links to videos containing child pornography that were available for other people to view. One of the video files involves a child previously identified by law enforcement.

HSI conducted a forensic examination on the devices seized from the defendant's home. During the initial forensic preview of the devices, the HSI Forensic Examiner learned the defendant backed up his cell phone to his HP laptop. During his *Post-Miranda* interview, the defendant confirmed that he backed up his cellphone to his laptop. The HSI Forensic Examiner was able to retrieve the backup of the defendant's cell phone from his HP laptop. The backup contained approximately 39,206 thumbnail images and 2,644 videos of child pornography from Cloud Platform A, which was from both the defendant's iPhone 11 and iPhone 7. The phones are described as "rob's iPhone" within data extracted from the backup, identifying them as belonging to the defendant. The thumbnails were initially saved to the phone after the defendant clicked on them to enlarge the image or to play the video. The backup was from February 2020 and included images and videos spanning several years. Several of the images and videos were flagged as known child exploitation images and videos.

Defendant's Initials                     21

The specific image charged in Count Two is dated February 6, 2020, and was received by the defendant from Cloud Platform A over the internet. This file is a color image depicting a completely nude prepubescent female child lying on her back. The female child's legs are open, thereby exposing her vagina. It appears there is a male using his left hand to hold the female child's right leg open. The male is using his right hand to hold his erect penis against the female child's genital area. It appears to depict a prepubescent female child due to the overall body size of the child, and the lack of breast development and pubic hair.