

**STATE BOARD OF ADMINISTRATION
OF FLORIDA**

1801 HERMITAGE BOULEVARD, SUITE 100
TALLAHASSEE, FLORIDA 32308
(850) 488-4406

POST OFFICE BOX 13300
32317-3300

RON DESANTIS
GOVERNOR
CHAIR

JIMMY PATRONIS
CHIEF FINANCIAL OFFICER

ASHLEY MOODY
ATTORNEY GENERAL

LAMAR TAYLOR
INTERIM EXECUTIVE DIRECTOR &
CHIEF INVESTMENT OFFICER

May 27, 2022

Clerk of Court
300 North Hogan Street
Jacksonville, FL 32202

Re:   *United States v. Robert Ginder*
      Case No 3:20-cr-141-TJC-JRK

Dear Clerk of the Court,

The State Board of Administration of Florida (SBA) is in receipt of a Writ of Garnishment and related documents entered in *United States v. Robert Ginder*, Case No 3:20-cr-141-TJC-JRK (enclosed). While the Writ of Garnishment was mailed to the SBA's address, it is directed to the Florida Department of Management Services, Division of Retirement, which is a separate entity from the SBA. I have been in communication with the state attorney, Ms. Jillian Jewell, and understand that she is working to amend the writ to reflect the SBA as intended. However, since the deadline to respond to the writ is May 29, 2022, I want to ensure that the SBA is on record confirming that we are actively working to comply with any writ directed to us.

Sincerely,

Elizabeth R. Stevens
Assistant General Counsel

Enclosure

cc:   Jillian Jewell, Assistant United States Attorney
      Robert Ginder, Defendant

2110 First Street, Suite 3-137
Fort Myers, Florida 33901
239/461-2200
239/461-2219 (Fax)

35 SE 1st Avenue, Suite 300
Ocala, Florida 34471
352/547-3600
352/547-3623 (Fax)



U.S. Department of Justice
*United States Attorney*
*Middle District of Florida*

Main Office
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
813/274-6000
813/274-6358 (Fax)

300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
904/301-6300
904/301-6310 (Fax)

400 West Washington Street, Suite 3100
Orlando, Florida 32801
407/648-7500
407/648-7643 (Fax)

Reply to: Tampa, FL

sga

May 18, 2022

FRS Plan Administrator
Florida Department of Management Services
Division of Retirement
1801 Hermitage Blvd., Suite 100
Tallahassee, FL 32308

      Re:   *United States v. Robert Ginder*
             Case No. 3:20-cr-141-TJK-JRK

To Whom It May Concern:

## INSTRUCTIONS TO GARNISHEE

The enclosed Writ of Garnishment and supporting documents are served on you pursuant to 18 U.S.C. § 3613, and the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3202 and 3205. The procedures established under 31 C.F.R. Part 212 for identifying and protecting federal benefits deposited into accounts at financial institutions do not apply to this garnishment.

Within 10 days after being served, you must file an original Answer to the Writ with the Clerk of Court (an Answer Form is enclosed for your convenience). The Clerk's address is:

Clerk of Court
300 North Hogan Street
Jacksonville, FL 32202

May 18, 2022
Page 2

    You must also serve a copy of your Answer on the Defendant whose last known address is as follows:

    Robert Ginder Register No. 13289-509
    FCI Jesup
    Federal Correctional Institution
    2680 301 South
    Jesup, GA 31599

<u>and</u> on counsel for the United States at:

    AUSA Jillian M. Jewell
    400 N. Tampa Street
    Suite 3200
    Tampa, FL 32206

    You are required to retain any money or property in which the Defendant has a non-exempt interest until further order of the Court. A list of the property exempt from garnishment is provided in the enclosed Clerk's Notice.

    If you fail to answer this writ or to withhold property in accordance with the writ, the Court may make you liable for that amount of the debtor's interest in non-exempt property which you failed to withhold. You may also be liable for a reasonable attorney's fee to the United States of America if the United States files a petition to the Court requesting an explanation for your failure to comply with this writ.

                        Sincerely,

                        ROGER B. HANDBERG
                        United States Attorney

By: *[signature]*
                        JILLIAN M. JEWELL
                        Assistant United States Attorney
                        Financial Litigation Program

*Enclosures*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 3:20-cr-141-TJC-JRK

ROBERT GINDER

## ANSWER OF GARNISHEE

I _____, pursuant to 28 U.S.C. § 1746(b)(2), hereby certify the following:

1. I am _____ [title] of the Garnishee, FRS Plan Administrator, Florida Department of Management Services, Division of Retirement. On _____ [date], the Garnishee was served with the Writ of Garnishment issued in the above-captioned case.

2. The Garnishee has custody, control or possession of the following property in which the defendant maintains an interest, as described below:

**Description or Type of Account or Plan(s):** _____

_____

**Approximate Value of Property:** $_____

_____

**Defendant's Interest in the Property:** $_____

_____

**All joint owners, if any, of all accounts the defendant has an interest:** _____

_____

**Defendant's right to request either a "lump sum" or "periodic" payments from each account or Plan:**

_____

_____

**If Garnishee deems defendant ineligible for a distribution from the account or Plan at this time, then the Garnishee must state the reason why it believes the defendant is ineligible for a distribution:**

_____

_____

3. The Garnishee **anticipates having future possession**, custody or control of the following non-earnings property in which Defendant will have an interest:

**Description or Type of Account or Plan(s) :** _____

_____

**Approximate Value of Property: $**_____

_____

**Defendant's Interest in the Property: $**_____

_____

Answer of Garnishee – Page 2

**All joint owners, if any, of all accounts the defendant has an interest:**

_____

_____

**Defendant's right to request either a "lump sum" or "periodic" payments from each account:**

_____

_____

**If Garnishee deems defendant ineligible for a distribution from the Plan at this time, then the Garnishee must state the reason why it believes the defendant is ineligible for a distribution:**

_____

_____

_____

4. Have there been previous garnishments in effect for the defendant.

☐ NO.

☐ YES. Please explain: _____

_____

_____

_____

5. Check the applicable line below if you deny that you hold property subject to this Writ of Garnishment.

Answer of Garnishee – Page 3

☐ Garnishee makes the following claim of exemption on the part of defendant:

_____

_____

_____

☐ *Or*, Garnishee has the following objections, defenses, or set-offs to the government's right to apply garnishee's indebtedness to the defendant upon the government's claim:_____

_____

_____

_____

☐ Garnishee has in no manner and upon no account been indebted or under liability to the defendant, and that the garnishee has not possessed or controlled any property belonging to the defendant.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

        EXECUTED THIS _____ DAY OF _____, 2022.

                                           _____
                                           FRS Plan Administrator
                                           Florida Department of Management Services
                                           Division of Retirement

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:20-cr-141-TJC-JRK

ROBERT GINDER

## WRIT OF GARNISHMENT

TO:   FRS Plan Administrator
Florida Department of Management Services, Division of Retirement
1801 Hermitage Blvd., Suite 100
Tallahassee, FL 32308

An Application for Writ of Garnishment seeking property belonging to or due to Defendant, Robert Ginder, was filed with this Court to enforce a judgment for the United States in this matter. As of May 11, 2022, the Defendant's outstanding debt balance is $51,000.

Pending further order of this Court, you shall withhold and retain all property in which the Defendant has a substantial nonexempt interest. Property that is exempt and that is not subject to this Writ is listed in the enclosed Clerk's Notice of Garnishment. Do not deliver the property to the United States District Clerk at this time. Instead, withhold and retain the property until the Court orders its distribution. *Id.*

You are required by law to file an Answer within 10 days of your receipt of this Writ advising the Court whether you hold substantial nonexempt property for the Defendant.

If you are a registered Electronic Case Files (ECF) system filer in this district, you may file the answer electronically. Otherwise, mail or deliver the original answer to the Clerk of Court, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. *See* 28 U.S.C. § 3205(c). A sample Answer Form is enclosed for your convenience.

Your answer will be publicly filed. A copy of your answer must also be served upon Robert Ginder at the address provided herein, and upon AUSA Jillian M. Jewell at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

If you fail to answer this Writ or fail to withhold property in accordance with this Writ, the United States may petition this Court for an order requiring you to appear before this Court. *See* 28 U.S.C. § 3205(c)(6). If you fail to answer and fail to show good cause why you failed to comply with this Writ, the Court may enter a judgment against you for the value of the substantial nonexempt property that should have been withheld and/or award a reasonable attorney's fee to the United States. *Id.*

This Writ of Garnishment is a continuing Writ, and it will only terminate by:

(A)  a court order quashing this Writ of Garnishment;

(B)  exhaustion of property in the possession, custody, or control of the Garnishee in which the Defendant-Debtor has a substantial non-exempt interest (including non-exempt disposable earnings); or

(C)  satisfaction of the debt with respect to which this Writ is issued.

*See* 28 U.S.C. § 3205(c)(10).

Signed this _____ day of __May 13, 2022__ 2022.

ELIZABETH M. WARREN
Clerk, United States District Court
Middle District of Florida

By: ___Amanda Jones___
DEPUTY CLERK

Writ of Garnishment – Page 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-141-TJC-JRK

ROBERT GINDER

### CLERK'S NOTICE OF GARNISHMENT

You are notified that, pursuant to 28 U.S.C. § 3202, a Writ of Garnishment was issued based upon the Judgment entered against you on September 21, 2021, in favor of the United States of America for criminal monetary penalties in the amount of $51,100. As of May 11, 2022, you have only paid your $100 special assessment. Your outstanding restitution balance is $51,000.

In addition, you are notified that there are exemptions under the law that may protect some of the property the United States seeks to take, if you can show that one of the following exemptions apply:

1. Wearing apparel and school books. 26 U.S.C. § 6334(a)(1).

2. Fuel, provisions, furniture, and personal effects that do not exceed $10,090. 26 U.S.C. § 6334(a)(2) and (g).

3. Books and tools of a trade, business, or profession that do not exceed $5,050. 26 U.S.C. § 6334(a)(3) and (g).

4. Unemployment benefits. 26 U.S.C. § 6334(a)(4).

5. Undelivered mail. 26 U.S.C. § 6334(a)(5).

6. Certain annuity and pension payments—Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll, and annuities based on retired or retainer pay. 26 U.S.C. § 6334(a)(6).

7. Workmen's compensation. 26 U.S.C. § 6334(a)(7).

8. Judgments for support of minor children, pursuant to a court judgment entered prior to the date of levy, to contribute to the support of defendant's minor children. 26 U.S.C. § 6334(a)(8).

9. Certain service-connected disability payments. 26 U.S.C. § 6334(a)(10).

10. Assistance under Job Training Partnership Act. 26 U.S.C. § 6334(a)(12).

You have a right to ask the Court to return your property if you think that you do not owe the debt to the United States, or if you think that the property the United States seeks qualifies under one of the above exemptions.

If you want a hearing, you must notify the Court within 20 days after you receive this notice. Likewise, if you live outside the federal judicial district where this Court is located, you may request that this proceeding be transferred by this Court to the federal judicial district where you reside. Either request must be in writing. You may use the attached form to claim an exemption and to request a hearing or a transfer. Your Claim for Exemption and Request for Hearing or Transfer Form will be publicly filed.

If you are a registered Electronic Case Files (ECF) system filer in this district, you may file your Claim for Exemption and Request for Hearing or Transfer Form electronically. Otherwise, mail or deliver the original form to the Clerk of Court, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202. *See* 28 U.S.C. § 3205(c). You must also mail a copy to AUSA Jillian M. Jewell at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602, so the United States will know that you either want a hearing or want the proceeding to be transferred.

If you request a hearing, the Court will issue an order advising you of the time, place, and date. At the hearing, you may explain to the judge why you believe the property the

United States seeks is exempt or why you think you do not owe the debt to the United States. If you do not request a hearing, your property may be delivered to the United States and applied to the debt that you owe.

Be sure to keep a copy of this notice for your records. If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance, or the United States District Clerk. The United States District Clerk is not permitted to give legal advice but can refer you to other sources of information.

                                              ELIZABETH M. WARREN
                                              Clerk, United States District Court
                                              Middle District of Florida

By:     AmandaJones
                                                DEPUTY CLERK

Dated:   May 13, 2022

Clerk's Notice of Exemptions and Hearing Request Form – Page 3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:20-cr-141-TJC-JRK

ROBERT GINDER

**CLAIM FOR EXEMPTIONS AND
REQUEST FOR HEARING OR TRANSFER**

[ ] I request a hearing because:

    [ ] I think that the property is exempt under the following applicable exemption(s): __

_____

_____

    [ ] I do not owe the money to the United States as it says I do.

    [ ] I request a transfer to the federal district where I reside in the _____ _____ (district) of _____ (state).

[ ] I do not request a hearing in this matter.

I understand that this form will be a publicly filed document.

_____
Robert Ginder (Signature)

_____
(Street Address)

_____
(City and State)

_____
(Date)

## CERTIFICATE OF SERVICE

I certify that on this _ day of _____, 2022, I delivered or mailed the Claim for Exemptions and Request for Hearing or Transfer to the following:

U.S. District Court Clerk
300 North Hogan Street
Jacksonville, FL 32202

U.S. Attorney's Office
Attn: Jillian M. Jewell
400 North Tampa Street, Suite 3200
Tampa, FL 33602

_____
Robert Ginder (Signature)